FULLER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-470-CR

STACI FULLER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Staci Fuller appeals from her conviction and 180-day probated sentence for theft between $1,500 and $20,000.  In three issues, appellant contends that trial counsel was ineffective and that the evidence was legally and factually insufficient to support the verdict.  We affirm.

II.  Background Facts

On February 5, 2001, appellant applied for Section 8 assistance with the Denton Housing Authority (DHA).  On October 31, 2002, appellant attended a briefing where she was told, orally and in writing, that she must inform DHA within ten days of a household income change.

Appellant’s DHA assistance began on December 1, 2002.  The DHA paid appellant’s $659-per-month rent payment and sent her a monthly utility reimbursement of $49.  In 2004, a HUD investigator discovered that appellant had maintained employment at the Denton State School from January 1, 2003 through May 16, 2003 and then worked for Alpha Academy from July 28, 2003 to March 2004.  Appellant allegedly did not report this income change.  Consequently, the State determined that appellant defrauded HUD in the amount of $1,890.  

III.  Appellant’s Ineffective Assistance Of Counsel Claim

In her first issue, appellant complains that her trial counsel was ineffective during the guilt-innocence trial.  Although appellant’s brief lists eleven instances in which her counsel was allegedly ineffective, for ease of discussion, we have combined them into two categories: (1) trial counsel’s procedural strategy; and  (2) trial counsel’s trial strategy.

A.  Standard Of Review

To establish an ineffective assistance of counsel claim, appellant must show by a preponderance of the evidence that his counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that trial counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Id.
  (quoting 
Thompson
, 9 S.W.3d at 813).

Under the second prong of 
Strickland, 
an appellant must show that counsel’s errors were so serious that they deprived him of a fair trial.  
Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

B.  Analysis

1.  Trial Counsel’s Procedural Strategy

Three of appellant’s claims regarding ineffective assistance of counsel focus on her trial counsel’s procedural strategy.  We apply a strong presumption that trial counsel was competent.  
See Thompson
, 9 S.W.3d at 813.  On appeal, we presume that trial counsel’s actions and decisions were reasonably professional and motivated by sound trial strategy.  
See Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); 
Matthews v. State
, 152 S.W.3d 723, 732 (Tex. App.སྭTyler 2004, no pet.).  Appellant has the burden of rebutting this presumption by presenting evidence illustrating why her trial counsel did what he did.  
Matthews
, 152 S.W.3d at 732. 

Appellant asserts in her first ineffective counsel claim that counsel was ineffective by failing to file any pretrial motions or request a pretrial hearing.  In her tenth claim under this issue, appellant asserts that trial counsel erred by failing to move for a directed verdict.  In her eleventh claim under this issue, appellant asserts that trial counsel failed to file a motion to dismiss because of jurisdiction problems associated with the monetary amount alleged in the theft. 

Appellant simply makes these broad assertions.  She did not argue in her brief what pre-trial motions counsel should have filed, how trial counsel’s failure to file these pre-trial motions was error, or why a pre-trial hearing was necessary.  Further, appellant did not show how trial counsel erred by failing to move for a directed verdict and file a motion to dismiss.  Because appellant failed to show how counsel’s actions were not reasonable in these three circumstances, she cannot satisfy the first prong of the 
Strickland
 test.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065. 

Further, appellant’s three assertions do not meet the second prong of 
Strickland.  
Specifically, appellant failed to show how counsel’s failure to ask for a directed verdict, file motions, and seek a pre-trial hearing were errors so serious as to deprive her of a fair trial.  
Id. 
at 687, 104 S. Ct. at 2064. 

2.  Trial Counsel’s Trial Strategy

Appellant’s other eight arguments supporting her ineffective counsel claim center on her trial counsel’s alleged failure to properly research and challenge the State’s calculations of the amount appellant defrauded DHA.  To support these arguments, appellant asserts that the State relied “on a mere $390 to obtain a felony conviction, and the DHA had a history of making incorrect benefits calculations.”
(footnote: 2)  Appellant further states that “it is incomprehensible how not researching, understanding and cross examining the [S]tate’s witness about the method of calculating benefits could be trial strategy.”  To conclude her analysis on these eight arguments, appellant simply states that “on the face of the record, it appears that the calculations are, 
in fact
, incorrect.”     

Appellant does not assert in her brief why the State’s $1,890 figure is incorrect.
(footnote: 3)  Because appellant provided no argument as to how the $1,890 was wrong, we have no way to determine if appellant’s trial counsel was ineffective by allegedly failing to research and question the State on its $1,890 calculation.  Because appellant failed to show how counsel’s actions were not reasonable in these circumstances, she cannot satisfy the first prong of the 
Strickland
 test.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.   Accordingly, we overrule appellant’s first issue. 

IV.  Appellant’s Factual and Legal Insufficiency Claims

In her second and third issues, appellant asserts that the evidence was factually and legally insufficient to support the verdict.  Appellant first discusses the standards of review for legal and factual sufficiency challenges.  Without citing to specific evidence in the record, appellant concludes that the evidence was legally and factually insufficient.  Appellant does not explain how the evidence was insufficient or even specify which element or elements of the charged offense were not proven.  If a party provides no argument or legal authority to support its position, the appellate court may properly overrule the issue or point as inadequately briefed.  
See 
Tex. R. App. P.
 38.1(h); 
Tong v. State
, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 1053 (2001); 
Jackson v. State
, 50 S.W.3d 579, 591 n.1 (Tex. App.—Fort Worth 2001, pet. ref’d).  And if appellant’s challenge is to the proof of the minimum felony amount, the evidence supports a finding of at least $1,500 in overpayments.  Because appellant’s second and third issues are inadequately briefed, we will not review their merits and, accordingly, overrule them.  

V.  Conclusion

Having overruled appellants three issues, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 25, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The State charged appellant with felony theft of $1,890.  If appellant had been charged with theft of less than $1,500, the offense would have been a misdemeanor.  
See 
Tex. Penal Code Ann.
 § 31.03(e) (Vernon Supp. 2006).

3:
In her brief, appellant questions why a $50 minimum rent requirement was used to calculate the $1,890 figure as opposed to a $25 minimum rent requirement.  However, appellant does not go on to discuss why a different minimum rent requirement would have lowered the $1,890 to below $1,500.